Borenstein, J.
The plaintiff, Lee Enos (“Enos"), commenced this action against the City of Medford (the “city”) to establish his claim of right for leave without loss of pay under G.L.c. 41, §11 IF. At a hearing before this court on January 6, 1997, the parties agreed to a juiy waived trial.
The court ordered and received affidavits from the parties for the determination of the matter. Based upon the affidavits and other documents filed, the court makes the following findings of fact[1] and rulings of law.
FINDINGS OF FACT
1. On or about August 12, 1994, at approximately 6:55 A.M, Enos was involved in a motor vehicle accident with another motorist, Daniel Dolympio. He was operating his personal automobile at the time. The injuries Enos sustained from the accident rendered him incapacitated for work for a period of four (4) weeks.
2. At the time of the accident, Enos worked as an administrative clerical assistant at the Training Academy for the Medford Police Department (the “Academy”). He was never assigned to duty outside the Academy while working there unless it was on an overtime basis.
3. During the four-week period when Enos was incapacitated from duty, the City reduced his regular compensation on the ground that he was out sick. The City never granted him leave without the loss of pay under G.L.c. 41, §11 IF.
4. The practice of the Police is to require the on-duty officers to respond to dispatch calls until the coming-on-duty officers relieve them from such task. A coming-on-duty officer is not subject to calls until after he has arrived at the police station and attended roll call.
5.While driving to work on the day of the accident, Enos was dressed ih full police uniform. He had the police radio on in his automobile. On several prior occasions, while on the way to work, he has responded to police calls and assisted citizens.
RULINGS OF LAW
Section 11 IF of chapter 41 grants leave without loss of pay to a police officer “incapacitated for duty because of injury sustained in the performance of his duty without fault of his own.” See also Wormstead v. Town Manager of Saugus, 366 Mass. 659, 662 (1975). Whether Enos is entitled to benefits under §11 IF depends upon whether accident occurred while he was performing his duty.
The SJC has applied a three-factor test to determine whether the accident causing incapacity occurred while a police officer was on duty. These factors are: (1) Whether he was being paid during the time he was injured, (2) whether he was on call and (3) whether he was engaging in activities consistent with and helpful to the accomplishment of police functions. See id. at 664. The Wormstead case involved an accident which occurred while a police officer was returning to the station from a meal break. See id. at 662 et seq. In deciding whether the plaintiff police was entitled to leave without loss of pay, the Wormstead court applied the aforesaid three-factor test to determine whether the police officer was on duty at the time the accident occurred. See id. at 664-66.
The Wormstead court found that the officer was on duty based on the following reasons. First, he was being paid during the time he was injured. Second, he was on call during meal break because he was required to leave word of his whereabouts so he might be reached in an emergency. Third, the meal break was a practice consistent with and helpful to the accomplishment of police functions for without it the police would not have adequate energy to perform his duty properly. See 366 Mass. 664-66.
Applying the three-factor test to the instant matter, this court rules that Enos was not on duty at the time of the accident. First, he was not being paid at the time of the accident. Second, the mere fact that he had the radio on does not mean that he was on call. Although Enos had responded to calls in the past while on his way to work, he was not required to answer such calls. See id. n.4 (theoretically, police officer can be on call around the clock but if he was injured while on his own time and doing his own activity then such injury was not sustained in the performance of his work). Enos is subject to dispatch calls, if at all, after he arrived at the Academy. Moreover, unlike the officer in Wormstead, Enos was not required to inform the Medford Police of his whereabouts prior to coming work in order to be reached for any purpose.
*745 Third, Enos was not engaging in any activity consistent with or helpful to the accomplishment of police functions at the time of the accident. Enos was merely using his personal time in his personal way to travel to the location of his employment. Thus, this court rules that Plaintiff Enos is not entitled to leave without loss of pay under G.L.c. 41, §11 IF.
ORDER FOR JUDGMENT
Based upon the foregoing, it is hereby ORDERED that judgment be entered for the defendant on the plaintiffs complaint.

 The findings of fact also derived from the “Agreed Statement of Facts and Documents” the parties filed in court.